# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE R. NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-09-163-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)

The Plaintiff George R. Neal appealed the Commissioner of the Social Security Administration's denial of benefits. The Court reversed the Commissioner's decision and remanded the case for further proceedings, which resulted in a disability determination and an award of $71,183.40 to the Plaintiff in past-due disability insurance benefits. The Plaintiff now seeks an award of fees and costs to his attorneys pursuant to 42 U.S.C. § 406(b)(1). As set forth below, the Court finds that the Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 28] should be granted, and the Plaintiff's attorneys should be awarded $16,496.85 in fees and costs.

The Plaintiff received his notice of award on August 31, 2011. *See* Docket No. 28, Ex. 2. The instant motion was filed nine days later. The Court finds that the motion was filed "within a reasonable time" pursuant to Fed. R. Civ. P. 60(c)(1) and is therefore timely under Fed. R. Civ. P. 60(b)(6). *See McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests. . . .

-1-

We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award.").

An attorney representing a successful claimant under the Social Security Act may obtain an award of fees and costs not exceeding 25% of the past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). This does not include any fee awarded by the Commissioner under 42 U.S.C. § 406(a) for representation at the agency level. *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner."). The fee requested here ($16,496.85) does not exceed 25% of the Plaintiff's past-due benefits ($17,795.85), so the Court need only consider whether the fee request is reasonable given the work performed in this case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[W]e conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Factors to consider in determining reasonableness under *Gisbrecht* include the character of the representation and the results achieved, 535 U.S. at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) and *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (reducing the fee for substandard work), whether counsel has caused delay, and whether the fee is so large in comparison to the amount of time spent on the case that it results in a windfall to counsel. *Id.*, *citing*

*Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or when the amount of the fee is unconscionable in light of the work performed).  Contemporaneous billing records may be helpful in determining reasonableness.  *Id.*, *citing Rodriguez*, 865 F.2d at 741.  Based on these factors, the Court concludes that $16,496.85 is a reasonable amount of attorneys' fees for the work done in this case.

First, the Plaintiff's attorneys represented him competently and obtained excellent results in his appeal to this Court.  The Court reversed the Commissioner's unfavorable decision, remanded the case for further proceedings and awarded $4,701.00 in attorneys' fees to the Plaintiff as prevailing party under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Furthermore, the Plaintiff ultimately obtained a favorable decision from the Commissioner on remand as a direct result of the successful appeal.  Second, there is no indication that the Plaintiffs' attorneys caused any unnecessary delay in these proceedings.  Third, the requested fee would not result in any windfall to the Plaintiff's attorneys; they spent approximately 26.1 hours (plus 3 hours of paralegal time) working on the Plaintiff's case before this Court.  *See* Docket No. 28, Ex. 4.  This would equate to over $600.00 per hour, but such an amount would not be clearly excessive in any other contingent-fee case with a substantial risk of loss.  The Court therefore concludes that the requested fee of $16,496.85 is reasonable within the guidelines set by *Gisbrecht*.

The notice of award indicates the that Commissioner withheld $17,795.85 from the Plaintiff's past-due benefits for payment of attorneys' fees, but it is not clear whether the Commissioner currently retains sufficient funds to satisfy the $16,496.85 fee awarded

herein by the Court, *i. e.*, the record does not reflect whether the Commissioner has paid any fee awarded for representation of the Plaintiff at the agency level.  *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference.").  Nor is it clear whether the Plaintiff's attorneys actually received the attorneys' fees awarded under the EAJA; the Plaintiff's brief variously indicates that the "EAJA fees previously awarded in the amount of $4,701.00 for purposes of paying attorney fees were received by Neal's attorney on Neal's behalf on July 6, 2010 and were paid to the firm in accordance with the fee contract[,]" *see* Docket No. 28, p. 1, and that "the EAJA award to Neal for purposes of paying his court attorney was diverted to pay his school loan" and "counsel has been paid nothing for the court work in this case."  *See* Docket No. 28, p. 7.  If the Plaintiff's attorneys *did* receive the $4,701.00 previously awarded to the Plaintiff under the EAJA, they must now refund the full amount of that previous award to the Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).  The attorneys may not, as the Plaintiff's brief suggests, treat the EAJA award as a credit against the Plaintiff's account or otherwise "net out" the EAJA award against their Section 406(b) award.  *See McGraw,* 450 F.3d at 497 n. 2.  *See also Gisbrecht,* 535 U.S. at 796 ("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant *the amount of the smaller fee*.'"), *quoting* Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186 [emphasis added].  If the Plaintiff's attorneys did not receive the fees awarded under the EAJA fees, there is nothing to refund.

-5-

For the reasons set forth above, the Plaintiff's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Docket No. 28] is hereby GRANTED. The Court approves an award of attorneys' fees in the amount of $16,496.85 to the Plaintiff's attorney pursuant to 42 U.S.C. § 406(b)(1). The Commissioner is hereby directed to pay the Plaintiff's attorney said amount or the balance of the Plaintiff's past-due benefits still in his possession. The Plaintiff's attorney shall thereupon refund to the Plaintiff the full amount previously awarded herein under the EAJA.

**IT IS SO ORDERED** this 23rd day of November, 2011.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**